UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LI BIN CHEN, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION G-08-238 |
| | § | |
| MITSUBISHI HEAVY INDUSTRIES AMERICA, INC., *et al.*, | § § § | |
| | § | |
|     *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Li Bin Chen's motion to remand. Dkt. 4. After considering the motion, responses, replies, and applicable law, the court GRANTS plaintiff's motion. It is, therefore, ORDERED that the case be remanded to County Court at Law No. 2 of Galveston County, Texas, where the suit originally was filed.

### I. BACKGROUND

Plaintiff Li Bin Chen ("Chen") is a Chinese citizen who was injured aboard the vessel the OOCL FAITH when a stop valve exploded in the boiler room. The explosion caused severe injuries and burns over ninety percent of Chen's body. Dkt. 1, Ex. A. Chen maintains that the stop value was part and parcel of the vessel manufactured and distributed by defendants Mitsubishi Heavy Industries, Ltd. ("MHI") and Mitsubishi Heavy Industries America, Inc. ("MHIA") (collectively, "Mitsubishi defendants"). MHI is a Japanese company, with its principal place of business in Japan, and MHIA is a Delaware corporation, with its principal place of business in New York. *Id.*

Chen filed suit against the Mitsubishi defendants in state court in Galveston County, Texas, bringing claims of negligence and products liability, specifically alleging a design defect. The vessel was not sued *in rem*, and Chen does not seek *in rem* remedies. *Id.*, *see also* Dkt. 4. MHIA was served on August 11, 2008, and answered on October 7, 2008; however, MHI was not served until November 4, 2008. Dkts. 1, 4. The Notice of Removal was filed on December 4, 2008. Dkt. 4.

## II. ANALYSIS

### A. Timing of Removal & Improper Joinder

### *1. Standards*

a. Timing of Removal

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Absent waiver by the plaintiff, or an equitable reason to toll the thirty-day period, a defendant who files an untimely notice of removal loses the right to remove the case. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). In cases involving multiple defendants, all served defendants must join in the petition of removal no later than thirty days from the day on which the first defendant was served, provided the case is then removable. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir.1988); *see also Air Starter Components, Inc. v. Molina,* 442 F. Supp .2d 374, 379-381 (S.D. Tex. 2006) (explaining that the *Getty Oil* first-served rule is not accepted in all jurisdictions but remains the applicable standard in the Fifth Circuit).

Where improper joinder is found, the 30-day period runs from the time the improper joinder is discovered and not from the date an improperly joined defendant was served. *See Badon v. RJR*

2

*Nabisco, Inc.,* 224 F.3d 382, 390 n. 13 (5th Cir. 2000) (citing *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993)); *see also Henderson v. Ford Motor Co.,* 340 F. Supp. 2d 722, 724 n. 2 (N.D. Miss. 2004).

b. <u>Improper Joinder Standard</u>

To establish subject matter jurisdiction predicated on diversity, there must be complete diversity of citizenship among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. But, a case may be removed despite a non-diverse defendant, if that defendant was improperly joined, *i.e.* was named for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). The burden to demonstrate that federal jurisdiction is proper, and that the party was improperly joined, lies with the party seeking removal. *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

In order to determine if joinder is improper, the court must decide, based on the facts and the law, whether a state court could reasonably impose liability. *B, Inc.*, 663 F.2d at 549 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000); *Fields v. Pool Offshore Inc.*, 182 F.3d 353, 357 (5th Cir. 1999)). The Fifth Circuit has endorsed a Rule 12(b)(6)-like inquiry as the preferred methodology to determine whether joinder is proper. *Smallwood* , 385 F.3d at 573; *Travis*, 326 F.3d at 646–47. However, in *Smallwood* , the court also recognized that in certain cases discrete facts are missing from the plaintiff's pleading making a summary judgment-type inquiry more useful. *Id.*

Under the summary judgment-type review, contested issues of fact should be resolved in the non-movant's favor, but only when there is actual controversy. *Badon*, 224 F.3d at 393.  "[T]he mere assertion of metaphysical doubt as to the material facts is insufficient to create an issue if there is no basis for those facts." *Id.* (quoting *Jernigan*, 989 F.2d at 816 (internal quotations omitted)). Unlike a summary judgment, however, "any uncertainties as to the current state of controlling substantive law  [must be resolved] in favor of the plaintiff." *B., Inc.*, 663 F.2d at 549.

"After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990).  And, the possibility must be a reasonable one, not purely theoretical. *Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp. 2d 646, 653 (S.D. Tex. 2003). "[C]ourts have more recently emphasized that the possibility of recovery must be reasonable, not merely hypothetical or speculative. 'If there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," then there is no fraudulent joinder.'" *Id.* (quoting *Badon,* 236 F.3d at 286, in turn quoting *Jernigan,* 989 F.2d at 816).  However, it need not be determined that the plaintiff is likely to or actually will recover. *Marine Geotechnics, LLC v. Acosta*, No. H-07-3499, 2008 WL 4453628, at *3–4 (S.D. Tex. 2008).

### *2. As Applied*

Here, MHIA was served on August 11, 2008, but defendant MHI was not served until November 4, 2008.  MHI filed its notice of removal December 4, 2008, accompanied by the consent of MHIA.  Dkt. 4.  If both defendants are properly joined, then removal is untimely and the case must be remanded.  However, if MHIA is improperly joined, as the Mitsubishi defendants allege,

then the thirty-day removal period begins from date the improper joinder was discovered, which may or may not result in a timely removal.

There has been no assertion that facts giving rise to MHIA's claim of improper joinder arose after MHIA was served. Ostensibly, the crux of MHIA's argument is that the claim is grounded in products liability, and MHIA was not part of the sales, manufacturing, or distribution channels for the vessel or any of its parts. Such argument was within the purview of MHIA at the time it was served with the initial state court petition. However, for reasons that become clear as this opinion unfolds, the court need not decide whether joinder was improper, or even if removal was timely, because all roads lead to remand.

**B. Federal Jurisdiction: The "Savings to Suitors" Clause & Diversity**

*1. Standards*

a. "Savings to Suitors" Clause

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. This "savings to suitors" clause permits state courts to exercise concurrent jurisdiction over *in personam* proceedings involving maritime causes of action. States may not, however, give *in rem* remedies or modify substantive maritime law. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222, 106 S. Ct. 2485 (1986); *see also Linton v. Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1484–85 (5th Cir.), *cert. denied,* 506 U.S. 975, 113 S. Ct. 467 (1992). Although the claim would otherwise be removable and provide subject matter jurisdiction, the "savings to suitors" clause permits a plaintiff to choose a state forum. Cases falling within the clause are non-removable, absent an independent basis for federal

jurisdiction, such as complete diversity. *Williams v. M/V SONORA*, 985 F.2d 808, 812 (5th Cir. 1993).

"There is no dispute that general maritime law claims are subject to the 'savings to suitors' clause and may not be removed unless there is complete diversity of citizenship." *Lewis v. Transocean Terminal Operators, Inc.*, No. Civ. A. 00-772, 2001 WL 15636, at *1 (E.D. La. Jan 5, 2001). Many years ago, the Supreme Court recognized that:

> The Courts of Appeals sitting in admiralty overwhelmingly have adopted concepts of products liability, based both on negligence, *Sieracki v. Seas Shipping Co.,* 149 F.2d 98, 99–100 (3d Cir. 1945), *aff'd on other grounds*, 328 U.S. 85, 66 S. Ct. 872, 90 L. Ed. 1099 (1946), and on strict liability, *Pan-Alaska Fisheries, Inc. v. Marine Constr. & Design Co.,* 565 F.2d 1129, 1135 (9th Cir. 1977) (adopting RESTATEMENT (SECOND) OF TORTS § 402A (1965)). Indeed, the Court of Appeals for the Third Circuit previously had stated that the question whether principles of strict products liability are part of maritime law "is no longer seriously contested." *Ocean Barge Transport Co. v. Hess Oil Virgin Islands Corp.,* 726 F.2d 121, 123 (1984) (citing cases).
>
> [The Supreme Court] join[ed] the Courts of Appeals in recognizing products liability, including strict liability, as part of the general maritime law. This Court's precedents relating to injuries of maritime workers long have pointed in that direction. . . . And to the extent that products actions are based on negligence, they are grounded in principles already incorporated into the general maritime law.

*East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865–66, 106 S. Ct. 2295 (1986).

b. Diversity Jurisdiction

Because the claims in the case at bar arise under general maritime law, and are not statutorily defined, there is no federal question jurisdiction. Therefore, the only applicable basis for jurisdiction is complete diversity. The United States Code establishes that diversity jurisdiction exists in civil actions only where the amount in controversy exceeds $75,000, and the parties are:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332 (a). The law clear that "jurisdiction . . . cannot be predicated on either § 1332(a)(1) or (a)(3) [if] U.S. citizens are not on both sides of the controversy." *U.S. Motors v. General Motors Europe*, 551 F.3d 420, 422 (6th Cir. 2008).

> In finding jurisdiction lacking, courts generally rely on two rationales. First, because "[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants," the presence of U.S. citizens on only one side of the dispute does not preserve jurisdiction. *Faysound Ltd. v. United Coconut Chems., Inc.,* 878 F.2d 290, 294 (9th Cir. 1989) (internal quotation marks and citation omitted); *see also Extra Equipamentos E Exportacao Ltda. v. Case Corp.,* 361 F.3d 359, 361 (7th Cir. 2004) ("The diversity jurisdiction does not extend to a suit in which there is a U.S. citizen on only one side of the suit and foreign parties on both sides."); *Universal Licensing Corp. v. Paola del Lungo S.p.A.,* 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of [§ 1332(a)(2) and (3) ] where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens."); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London,* 106 F.3d 494, 499 (3d Cir. 1997) ("[S]ection 1332(a)(2) only grants jurisdiction in cases between aliens and citizens. Cases between aliens on one side and aliens and citizens on the other, therefore, do not fit the jurisdictional pigeonhole.").
> . . .
> Second, courts have consistently interpreted *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806), for purposes of § 1332(a)(2) to require complete diversity between the parties. *See Craig v. Atl. Richfield Co.,* 19 F.3d 472, 476 (9th Cir. 1994) (Under § 1332(a)(2) complete diversity was lacking where "the case involved a single foreign plaintiff ... and numerous foreign defendants (in addition to U.S. defendants)."); *Eze v. Yellow Cab Co. of Alexandria, Va.,* 782 F.2d 1064, 1065 (D.C. Cir. 1986) ("[U]nder long-held precedent, diversity must be 'complete.' . . . A diversity suit, in line with the *Strawbridge* rule, may not be maintained in federal court by an alien against a citizen of a state and a citizen of some other foreign country."); *Chick Kam Choo v. Exxon Corp.,* 764 F.2d 1148, 1151 (5th Cir. 1985) ("For the purposes of section 1332(a)(2) complete diversity is required.")

*Id.* at 423 (internal footnote omitted).

### *2. As Applied*

Defendants argue that the "savings to suitors" clause does not protect the plaintiff's choice of a state court forum, thus the case can be removed to federal court. However, the instant suit presents the very type of *in personam* claims, explicitly recognized as part of general maritime law,

over which the state courts exercise *concurrent* jurisdiction with federal courts. Therefore, this court should not interfere with plaintiff's choice of forum, unless separate legal authority to exercise jurisdiction exists.

Such authority can be found in the Section 1332, which outlines the requirement for diversity jurisdiction. However, under the facts presented, the diversity requirements simply are not met. To even reach this question in the analysis, the court must presuppose that MHIA was improperly joined. Accordingly, MHIA is not considered in determining whether diversity exists. After removing MHIA from the equation, only MHI, a foreign entity, and Chen, a foreign citizen, remain. And, the law explicitly and consistently observes that diversity does not exist in such a scenario.

The Mitsubishi defendants make much of the fact that a case allegedly involving the same operative set of facts is pending before a court in the Southern District of Texas. However, the other case, *Li Bin Chen and Mei Juan Chen v. Orient Overseas International, Orient Overseas Container Line, OOCL Faith , in rem*, *and Sea Pearl Maritime*, 07-cv-151, involves completely different parties and claims—including those under the Jones Act, and suit against the vessel *in rem*. And, "[u]nder the admiralty law of the United States, *in personam* and *in rem* actions may arise from the same claim, and may be brought separately or in the same suit." *Belcher Co. of Ala. v. M/V Maratha Mariner*, 724 F.2d 1161, 1163 (5th Cir. 1984). Moreover, *in rem* admiralty claims are within the exclusive jurisdiction of the federal courts. *Linton*, 964 F.2d at 1488.

Therefore, although this court possesses concurrent jurisdiction, Chen's choice of a state court forum must be respected. And, because the requirements of diversity jurisdiction are not met, the case at bar is not removable.

### III. CONCLUSION

Assuming *arguendo* that MHIA was properly joined, the removal was untimely and, therefore, remand is required. Alternatively, if MHIA is improperly joined, then the notice of removal was timely, as it was filed within thirty days of service of MHI. Thus, the court inquires as to whether the "savings to suitors" clause confers jurisdiction on the state court. Having found that it does, the court proceeds by determining whether an alternative basis of federal jurisdiction, *e.g.* diversity, exists. Because the court holds that the requirements of diversity jurisdiction are not satisfied, the court concludes that the case must be remanded. Ultimately, both paths produce the same result, therefore, the court REMANDS the case to County Court at Law No. 2 of Galveston County, Texas.

Signed at Houston, Texas on March 4, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY